## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBORAH WILSON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **OLD REPUBLIC INSURANCE COMPANY,** | * | |
| **GREENBELT TRANSPORT, LLC, AND** | * | **MAGISTRATE** |
| **JOHN DALE GRIEDER** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Dale John Grieder (hereinafter referred to as Dale Grieder; incorrectly referred to in plaintiff's petition as John Dale Grieder), Greenbelt Transport, LLC, and Old Republic Insurance Company (collectively "Defendants"), without waiving any of its defenses or objections, who respectfully submit this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in The Fifth Judicial District Court for the Parish of Franklin, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

## INTRODUCTION

1.

Deborah Wilson (hereinafter, "Plaintiff") filed a lawsuit on May 5, 2022, styled *Deborah Wilson versus Old Republic Insurance Company, Greenbelt Transport, LLC and John Dale Grieder*, Civil Action No. 47,946, on the docket of Fifth Judicial Court for the Parish of Franklin, State of Louisiana (hereinafter, "State Court Action") against Dale Grieder, Greenbelt Transport,

3266023 v1

LLC, and Old Republic Insurance Company. The suit arises out of injuries allegedly suffered by Plaintiff due to a two-vehicle accident which is alleged to have occurred on May 25, 2021.[1] Plaintiff seeks various damages injuries she claims were caused by that auto accident.[2]

## REMOVAL JURISDICTION

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

## THE PARTIES

**Plaintiff is a citizen of Louisiana.**

3.

Plaintiff, Deborah Wilson, at the time she commenced the State Court Action, was a resident and domiciliary of the Franklin Parish, State of Louisiana, as alleged in the Petition for Damages, attached hereto as a part of Exhibit 1.

**The Defendants are diverse from the Plaintiff.**

4.

Defendant, Old Republic Insurance Company, at the time the State Court Action was commenced, was and still is a corporation.[3] Old Republic Insurance Company is incorporated in Pennsylvania.[4] Old Republic Insurance Company's principal place of business is in Pennsylvania.[5]

---

[1] *See* Copy of State Court Record attached as Exhibit 1.
[2] *Id.*
[3] *See* Exhibit 2.
[4] *See* Exhibit 2.
[5] *See* Exhibit 2.

2

3266023 v1

Old Republic Insurance Company is domiciled in Pennsylvania.[6] Thus, Defendant Old Republic Insurance Company is diverse from Plaintiff.

5.

Defendant, Dale Grieber, at the time the State Court Action was commenced, was and still is natural person domiciled in Ankeny Iowa.[7] Thus, Defendant Dale Grieber is diverse from Plaintiff.

6.

Defendant, Greenbelt Transport, LLC, at the time the State Court Action was commenced, was and still is a limited liability company incorporated in Delaware.[8] Greenbelt Transport, LLC's principal place of business is in Iowa.[9] Greenbelt Transport, LLC is domiciled in Iowa.[10] Thus, Greenbelt Transport, LLC is diverse from Plaintiff.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[11]

---

[6] *See* Exhibit 2.
[7] *See* Exhibit 2.
[8] *See* Exhibit 3.
[9] *See* Exhibit 3.
[10] *See* Exhibit 3.
[11] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

3266023 v1

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[12] Further, the U.S. Supreme court has held: "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."[13]

7.

Plaintiff's Petition for Damages alleges that she sustained personal injuries to her head, neck, and back.  The Petition further alleges that plaintiff has also suffered disability and incurred medical expenses, and suffered a loss of past and future wages, as well as damages to her vehicle.[14] Plaintiff's counsel provided information to Old Republic's representative that Plaintiff has undergone injections in her back with no lasting improvement of her symptoms, that Plaintiff's injuries remain unresolved, and that Plaintiff continues to undergo medical treatment despite the passage of one year since the accident occurred.  Plaintiff's petition did not allege a specific amount in dispute, nor did it include an allegation or a stipulation that plaintiff's damages, excluding interest and costs, do not exceed $75,000.00.

8.

Plaintiff seeks to recover the following, non-exclusive damages: a) past and future pain and suffering; b) disability; c) mental anguish and distress; d) medical expenses; e) loss of enjoyment of life; f) household services; g) lost wages – past and future; and h) damage and loss

---

[12] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[13] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).
[14] Exhibit 1, Petition at paragraph 6.

3266023 v1

of use of her vehicle.[15]  In light of the ongoing nature of Plaintiff's alleged injury after the passage

of a year, and her claim of special damages, Defendants plausibly believe that Plaintiff will seek

in excess of $75,000 in damages, exclusive of interest and costs.

9.

Based on Plaintiffs' claims for the alleged contractual damages alone, it is apparent that

the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to

assume jurisdiction over this matter under 28 U.S.C. §1332(a).

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

10.

Venue for this removal is proper because the United States District Court for the Western

District of Louisiana is the district court embracing Franklin Parish, Louisiana, where the state

court action is pending.  *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

11.

Defendant's Notice of Removal is timely filed under 28 U.S.C. §1446(b)(1) within thirty

(30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief

upon which such action or proceeding is based."   Plaintiff's state court action was filed on May

5, 2022.[16]

15.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition

for Damages and all documents filed in Suit No. Civil Action No. 47,946, on the docket of Fifth

---

[15] *Ibid.*

[16] *See* Exhibit 1.

3266023 v1

Judicial Court for the Parish of Franklin, State of Louisiana and served upon Defendant to date, including Plaintiff's Petition for Damages, which comprise Exhibit 1 hereto.

17.

Contemporaneous with this filing, written notice will be given to all adverse parties, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Fifth Judicial District Court for the Parish of Franklin, State of Louisiana.

WHEREFORE, Dale Grieder, Greenbelt Transport, LLC, and Old Republic Insurance Company, hereby give notice that the proceeding bearing Suit No. Civil Action No. 47,946, on the docket of Fifth Judicial Court for the Parish of Franklin, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

BLUE WILLIAMS, LLP

*s/Virgil A. Lacy, III*

VIRGIL A. LACY, III (#18293)
vlacy@bluewilliams.com
3421 N. Causeway Blvd., Suite 900
Metairie, LA  70002
Telephone:  (504) 830-4919
Facsimile:  (504) 849-3033
**ATTORNEY FOR DALE GRIEDER,
GREENBELT TRANSPORT, LLC, AND
OLD REPUBLIC INSURANCE
COMPANY**

6

3266023 v1

## CERTIFICATE OF SERVICE

I do hereby certify that on the 2nd day of June 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Western District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

Ryan T. Lloyd
Gordon McKernan Injury Attorneys LLC
2700 Forsythe Avenue
Monroe, Louisiana 71201
rlloyd@getgordon.com

*s/Virgil A. Lacy, III*

_____
VIRGIL A. LACY, III (#18293)

7

3266023 v1